**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARGARET HICKS, as personal representative of the Estate of Cecil R. Arnold, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-16-532-M |
| SHERIFF JOHN WHETSEL, in both his individual and official capacities as Sheriff of Oklahoma County; MAJOR JACK HERRON, Jail Administrator, Oklahoma County Jail; THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, a political subdivision of the State of Oklahoma; ARMOR CORRECTIONAL HEALTH SERVICES, a Florida Corp., and RAGEL JOHNSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are defendants Sheriff John Whetsel ("Sheriff Whetsel"), in both his individual and official capacities, Major Jack Herron ("Major Herron"), in both his individual and official capacities, the Board of County Commissioners of Oklahoma County ("BCCOC"), and Armor Correctional Health Services, Inc.'s ("Armor") Motions to Dismiss. The motions have been fully briefed and are ripe for determination.

I.    Background[1]

Since November 26, 2013, Cecil R. Arnold ("Arnold") was incarcerated in the Oklahoma County Jail ("OCJ"). He was transported from the Tulsa County Jail in poor health with an unhealed and open surgical wound stemming from two earlier umbilical hernia surgeries. Additionally, while at the OCJ, Arnold was under "urgent mental health observation" for schizophrenia. Arnold was receiving treatment from Armor for his mental and physical health while incarcerated.

Defendant Ragel Johnson ("Johnson") was arrested by an Oklahoma City Police Officer for unlawfully throwing rocks at vehicles endangering and injuring motorists and/or their passengers without provocation. After Johnson's arrest, he was transported to the hospital and was examined by a physician who concluded that based upon Johnson's lab work results, he should not be released but remain for further treatment. Johnson remained hospitalized for four days and then was incarcerated in the OCJ. Plaintiff further alleges that Johnson was afflicted with psychosis.

Arnold and Johnson were housed in a cell together. In the early morning hours of May 21, 2014, Arnold was found strangled to death in his jail cell. A detention officer discovered Arnold's body after having allegedly seen Arnold alive just 30 minutes earlier. Plaintiff alleges Arnold's strangler was Johnson.

On May 23, 2016, plaintiff filed the instant action against defendants, alleging 42 U.S.C. § 1983 claims and various state law claims. Pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[1]The facts set forth in this Background section are based upon the facts alleged in plaintiff's Amended Complaint.

defendants Sheriff Whetsel, Major Herron, BCCOC, and Armor now move to dismiss the claims

asserted against them.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule

of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of the
> line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."

*Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id*. at

678 (internal quotations and citations omitted).  A court "must determine whether the complaint

sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief

under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal

quotations and citation omitted).  Finally, "[a] court reviewing the sufficiency of a complaint

presumes all of plaintiff's factual allegations are true and construes them in the light most favorable

to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

    A.    Section 1983 claims

Plaintiff alleges that the moving defendants violated Arnold's federal constitutional rights under the Eighth and Fourteenth Amendments. Specifically, plaintiff contends that the moving defendants failed to protect Arnold from harm and failed to provide him with adequate medical and mental health treatment.

To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the United States Constitution or law of the United States and must show that the alleged deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Further, to establish liability on a claim based upon failure to prevent harm, a plaintiff must show: (1) that the inmate was incarcerated under conditions which, objectively, posed a substantial risk of serious harm, and (2) that the defendant was aware of and disregarded an excessive risk to inmate safety by failing to take reasonable measures to abate the risk. *See Lopez v. LeMaster*, 172 F.3d 756, 760-61 (10th Cir. 1999). Additionally, to establish liability on a claim based upon a violation of a prisoner's right to adequate medical care, a plaintiff must demonstrate that the defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Under the deliberate indifference standard, a plaintiff must establish: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending official act with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court

4

finds plaintiff has not set forth sufficient factual allegations to state either a plausible Section 1983 claim based upon failure to prevent harm or a plausible Section 1983 claim based upon the violation of Arnold's right to adequate medical care. Specifically, the Court finds that the vast majority of the allegations in plaintiff's Amended Complaint are simply conclusory allegations, such as defendants failed to provide Arnold with adequate mental health treatment, and defendants failed to provide constitutionally adequate policies and procedures. Additionally, most of plaintiff's allegations refer to "Defendants" generally; as a whole, in her Amended Complaint, plaintiff does not make specific factual allegations as to each individual defendant.[2] Further, plaintiff fails to allege sufficient facts regarding what was known about Johnson, whether any of the moving defendants were made aware of any danger posed by Johnson, and what the specific policies and procedures were and how they led to the alleged constitutional violations in this case. Finally, in relation to Arnold's medical care, the allegations in the Amended Complaint seem to state that Arnold was receiving treatment and was under urgent mental health observation; the Amended Complaint contains no allegations as to what medical care plaintiff alleges Arnold was constitutionally entitled to that he did not receive.

Accordingly, the Court finds that plaintiff's Section 1983 claims against defendants Sheriff Whetsel, Major Herron, BCCOC, and Armor should be dismissed.

B.      State Law Claims

Defendants Sheriff Whetsel, Major Herron, and BCCOC assert that plaintiff's state law claims for negligence and violation of the Oklahoma Constitution fall under Oklahoma's Governmental Tort Claims Act ("OGTCA"). Plaintiff does not dispute that her negligence claim

---

[2]The lack of specific allegations is particularly apparent in relation to Major Herron.

falls within the OGTCA but contends that the OGTCA does not immunize against constitutional violations. Plaintiff further contends that the OGTCA does not immunize against claims for damages for injuries resulting in death.

The OGTCA provides, in pertinent part:

> A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the law of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
>
> B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

Okla. Stat. tit. 51, § 153. Further, the OGTCA defines "tort" as follows:

> a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

Okla. Stat. tit. 51, § 152(14). Additionally, the OGTCA defines "loss" as follows: "death or injury to the body or rights of a person or damage to real or personal property or rights therein". Okla. Stat. tit. 51, § 152 (8).

In light of the above provisions of the OGTCA, the Court finds that the OGTCA does apply to plaintiff's claim for violation of the Oklahoma Constitution and to all of plaintiff's state law claims arising out of the death of Arnold.

1.      Sheriff Whetsel and Major Herron

Sheriff Whetsel and Major Herron assert that plaintiff's state law claims for negligence and

violation of the Oklahoma Constitution should be dismissed for lack of jurisdiction.  As set forth

above, the Court finds that the OGTCA applies to plaintiff's state law claims.  The OGTCA

provides:

> Suits instituted pursuant to the provisions of this act shall name as
> defendant the state or the political subdivision against which liability
> is sought to be established.  <u>In no instance shall an employee of the
> state or political subdivision acting within the scope of his
> employment be named as defendant</u> with the exception that suits
> based on the conduct of resident physicians and interns shall be made
> against the individual consistent with the provisions of Title 12 of the
> Oklahoma Statutes.

Okla. Stat. tit. 51, § 163(C) (emphasis added).

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's

factual allegations are true and construing them in the light most favorable to plaintiff, the Court

finds plaintiff has not alleged that either Sheriff Whetsel or Major Herron were acting outside the

scope of their employment.  Accordingly, pursuant to § 163(C), neither Sheriff Whetsel nor Major

Herron shall be named as a defendant in relation to plaintiff's state law claims.  The Court, therefore,

finds that plaintiff's state law claims should be dismissed as to Sheriff Whetsel and Major Herron,

in both their individual and official capacities.[3]

2.      BCCOC

BCCOC asserts that plaintiff's state law claims against it should be dismissed for lack of

subject matter jurisdiction.  Specifically, BCCOC contends that plaintiff failed to file suit within the

---

[3]As BCCOC is already named as a defendant, there is no need for either Sheriff Whetsel or
Major Herron, in their official capacities, also to be named as a defendant.

time limits of the OGTCA and plaintiff's claims, therefore, are barred. Under the OGTCA, upon

the denial of the written notice of claim, a claimant must bring suit within 180 days. *See* Okla. Stat.

tit. 51, § 157(B). "[F]ailure to meet the 180-day time limit operates to bar judicial enforcement of

a claim against the government." *Cruse v. Bd. of Cnty. Comm'rs*, 910 P.2d 998, 1004 (Okla. 1995).

Plaintiff filed a notice of tort claim on May 18, 2015, and by operation of law, the claim was

denied on August 16, 2015.[4] Accordingly, pursuant to § 157(B), plaintiff had until February 12,

2016, to file the instant action. Plaintiff, however, filed the instant action on May 23, 2016, a little

over three months after the deadline. Accordingly, the Court finds that plaintiff's failure to file suit

within the time limits of the OGTCA operates to bar judicial enforcement of any state law theory

of recovery. The Court, therefore, finds that plaintiff's state law claims against BCCOC should be

dismissed.

        3.      <u>Armor</u>

Armor asserts that plaintiff's state law claims are barred by the applicable statute of

limitations. Section 95(A)(11) of Title 12 of the Oklahoma Statutes provides:

> All actions filed by an inmate or by a person based upon facts that
> occurred while the person was an inmate in the custody of one of the
> following:
>     a.      the State of Oklahoma,
>     b.      a contractor of the State of Oklahoma, or
>     c.      a political subdivision of the State of Oklahoma,
> to include, but not be limited to, the revocation of earned credits and
> claims for injury to the rights of another, shall be commenced within
> one (1) year after the cause of action shall have accrued; . . . .

Okla. Stat. tit. 12, § 95(A)(11).

_____

    [4]Plaintiff does not dispute either the date the notice was filed or the date the claim was
denied.

As set forth above, Arnold died on May 21, 2014. Thus, pursuant to § 95(A)(11), plaintiff had until May 21, 2015 to file her state law claims against Armor. Plaintiff, however, filed the instant action on May 23, 2016, a little over a year after the statute of limitations deadline. Accordingly, the Court finds that plaintiff's state law claims against Armor are untimely and, therefore, should be dismissed.

### 4. Johnson

In light of the Court's dismissal of all claims against defendants Sheriff Whetsel, Major Herron, BCCOC, and Armor, the Court finds that the only remaining claim in this case is plaintiff's state law wrongful death claim against Johnson. Based upon the allegations in the Amended Complaint, plaintiff and Johnson are both citizens of Oklahoma and, thus, there is not diversity of the parties to establish jurisdiction in this case pursuant to 28 U.S.C. § 1332. As the § 1983 claims are no longer before the Court, and they were the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction of the remaining state law wrongful death claim against Johnson and dismisses it without prejudice pursuant to 28 U.S.C. § 1367(c).

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Motion to Dismiss with Brief in Support of Defendant Board of County Commissioners of Oklahoma County and Defendants Sheriff John Whetsel and Major Jack Herron, in Their Official Capacities [docket no. 13], the Motion to Dismiss with Brief in Support of Defendants Sheriff John Whetsel and Major Jack Herron, in Their Individual Capacities [docket no. 14], and Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss [docket no. 18] and DISMISSES all claims against defendants Sheriff John Whetsel, in both his individual and official capacities, Major Jack Herron,

9

in both his individual and official capacities, the Board of County Commissioners of Oklahoma County, and Armor Corrections Health Services.  Additionally, the Court DECLINES to entertain jurisdiction over plaintiff's state law wrongful death claim against defendant Ragel Johnson and DISMISSES it without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED this 31st day of October, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE